

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DIEGO MORENO AND VANESSA E.        §
MORENO,                            §
                                   §
          Plaintiffs,              §
                                   §
VS.                                §   NO. 4:11-CV-712-A
                                   §
CITIMORTGAGE, INC., AND            §
MORTGAGE ELECTRONIC                §
REGISTRATION SYSTEMS, INC.,        §
                                   §
          Defendants.              §

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter
jurisdiction over the above-captioned action.  Therefore, the
court is ordering the action remanded to the state court from
which it was removed.

I.

Background

This action was initiated on September 6, 2011, in the
District Court of Tarrant County, Texas, 352nd Judicial District,
as Case No. 352-255215-11 by the filing by plaintiffs, Diego
Moreno and Vanessa E. Moreno, of their original petition
("petition").  Defendants, CitiMortgage, Inc. and Mortgage
Electronic Registration Systems, Inc. (collectively,
"defendants"), filed an answer on October 3, 2011, and removed

the action to this court by notice of removal filed October 7, 2011.  On January 20, 2012, pursuant to this court's order, defendants filed an amended notice of removal.  Defendants alleged that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiffs and defendants and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).

In the prayer of their petition, plaintiffs do not state a specific amount of damages.  Nor is there any other statement of the amount of damages contained elsewhere in the petition.  However, defendants contend that because plaintiffs seek injunctive relief to bar any foreclosure proceedings on the property, the minimum amount in controversy can be based on either the appraised property value or the note's original principal amount.  In support of their position, defendants cite to legal authority standing for the proposition that the right, title, and interest plaintiffs have in the property constitutes the proper measure of the amount in controversy in an action such as this one.  Am. Notice of Removal at 3-5.

With respect to the value of the property, defendants argue there is sufficient information in the pleadings to determine that $139,300, "the value of the Property[,]  . . . is the amount

2

in controversy." <u>Id.</u> at 4, ¶ 6.  Defendants point to allegations in the pleadings to show that plaintiffs "explicitly challenge the validity of the Deed of Trust" and its enforceability," <u>id.</u>, ¶ 8, and that plaintiffs seek "a free and clear interest in the Property," <u>id.</u>, ¶ 6, along with "temporary and/or injunctive relief to protect their possession of and title to the Property," <u>id.</u> at 5, ¶ 9.

As for the principal amount on the note, defendants argue that $145,213.00, referred to as "the amount of the lien against the Property evidenced by the Deed of Trust," may also serve as the amount in controversy, because plaintiffs seek "an order declaring the Loan to be unsecured [that would] effectively void[] the Deed of Trust." <u>Id.</u> at 4, ¶ 6.

Defendants further state that plaintiffs are seeking attorney's fees and statutory and exemplary damages, and conclude that "[i]f awarded, such damages could increase Plaintiff's recovery to well over $75,000." <u>Id.</u> at 6, ¶ 10.

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that the amount in controversy in this action exceeds the required amount.

II.

Basic Principles

The court starts with a statement of basic principles
announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), defendants may remove to
federal court any state court action over which the federal
district courts would have original jurisdiction.  "The removing
party bears the burden of showing that federal subject matter
jurisdiction exists and that removal was proper."  Manguno v.
Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.
2001).  "Moreover, because the effect of removal is to deprive
the state court of an action properly before it, removal raises
significant federalism concerns, which mandate strict
construction of the removal statute."  Carpenter v. Wichita Falls
Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation
omitted).  Any doubts about whether removal jurisdiction is
proper must therefore be resolved against the exercise of federal
jurisdiction.  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th
Cir. 2000).

To determine the amount in controversy for the purpose of
establishing diversity jurisdiction, the court ordinarily looks
to the plaintiffs' state court petition.  Manguno, 276 F.3d at
723.  If it is not facially apparent from the petition that the

4

amount in controversy is greater than $75,000.00, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount.  Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiffs.  Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam).  In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

III.

### The True Nature of Plaintiffs' Claims

Plaintiffs' petition does not specify a dollar amount of recovery sought that is at least $75,000.00, nor does it define with specificity the value of the right sought to be protected or the extent of the injury sought to be prevented.  As a result, the court has evaluated the true nature of plaintiffs' claims to determine the amount actually in controversy between the parties.

The true nature of this action is to prevent defendants from taking possession of the property pursuant to their foreclosure

5

proceedings.   As the petition alleges, plaintiffs pursue that
goal by seeking (a) an order barring any foreclosure or forcible
detainer proceedings; and (b) a money judgment to compensate them
for damages they have suffered, because defendants lacked the
proper authority to foreclose on the property or to threaten them
with a foreclosure sale.   The court has not been provided with
any information from which it can determine that the value to
plaintiffs of such relief is greater than $75,000.00.

Defendants contend that the appraised value of the property
or the principal amount of the note could serve as the amount in
controversy because plaintiffs assert equitable relief in the
form of a claim for injunctive relief.   Defendants rely on the
oft-cited argument that "[w]ith respect to actions for injunctive
relief, the amount in controversy is deemed to be 'the value of
the right to be protected or the extent of the injury to be
prevented.'"   Am. Notice of Removal at 3, ¶ 5 (citing Hartford
Ins. Group v. Lou-Con. Inc., 293 F.3d 908, 910 (5th Cir. 2002)).
In the section of their amended notice of removal quoted in
section I of this memorandum opinion, defendants suggest that
plaintiffs' interest in the property is $139,300, the appraised
property value, or alternatively, $145,213, the original
principal amount on the note.

However, the court is not persuaded by the argument that either figure supplies the basis for plaintiffs' interest in the property, especially given that plaintiffs have not pleaded how much equity they have in the property. Defendants do not cite to, nor can the court discern, any such statement to support a finding that the value of the property or the principal of the note is the amount in controversy. That is, defendants' attribution of the $139,300 or the $145,213 figure as damages is an act of their own doing--not plaintiffs'. To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[1]

The court likewise rejects defendants' alternative argument that the principal amount on the note serves as the amount in controversy. The speculative and legally unsound allegation by plaintiffs that the possible separation of the ownership of the note from the deed of trust caused "any interest in the Property

_____

[1] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

In their petition, plaintiffs alleged that MERS "has no right to payments made on the notes." See Am. Notice of Removal, Ex. E at 5, ¶ 7. Thus, contrary to defendants' arguments, this court's reasoning in Ballew, remains applicable to the present case. Here as well, plaintiffs are "not challenging the validity of the notes or deeds of trust"; rather, they "merely dispute[] that defendants are the ones having the right to enforce those documents." 2011 WL 880135 at *5.

[to become] unsecured," and rendered "unlawful" any "attempt to enforce the . . . note through foreclosure,"  Am. Notice of Removal, Ex. E at 3-5, ¶ 2-4, simply does not satisfy the preponderance of the evidence standard for proof of jurisdictional amount.

Plainly, the sole goal of plaintiffs' action is to avoid or delay a foreclosure sale and to retain possession of the property.  Nothing is alleged that would put a monetary value to plaintiffs' accomplishment of those goals.  While plaintiffs appear to request equitable relief based on a claim that they are entitled to hold legal title in the property, they do not assert that such relief is based on a claim that they have outright ownership of the property, free of any indebtedness.  Indeed, plaintiffs make statements to suggest that their ownership of the property is encumbered by a debt, or more precisely, a security lien.[2]  The value to plaintiffs of their rights in the litigation is, at most, the value of their interest in the property, not the value of the property itself.  Thus, defendants have not established the value of plaintiffs' interest in the property.

---

[2] Plaintiffs make statements to indicate that their ownership of the property is subject to a security lien placed by the deed of trust, such as: "The Deed of Trust places a security lien on the real property." Am. Notice of Removal, Ex. E at 2, ¶ 1.

Finally, defendants seem to suggest that a request for attorney's fees and statutory and exemplary damages may support a finding that the amount in controversy is met. Am. Notice of Removal at 6, ¶ 10. Without an amount to serve as a basis for compensatory damages, however, the court cannot form any reliable estimate for the amount plaintiffs could recover for statutory or exemplary damages or attorney's fees. Additionally, defendants have not shown that the total claim for punitive damages is more likely than not to meet the $75,000.00 minimum. See Allen, 63 F.3d at 1336.

Thus, defendants have not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendants to persuade the court that subject matter jurisdiction exists.

IV.

<u>Order</u>

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED January 24, 2012.

_____
JOHN McBRYDE
United States District Judge

10